## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHENZHEN KESITE DIGITAL
TECHNOLOGY CO., LTD,

                Plaintiff,

                v.

SCHEDULE A DEFENDANTS,


                Defendants.

Civil Case No.: 2:26-cv-01532-MJH

**PLAINTIFF'S MOTION FOR REMOTE APPEARANCE AT**
**THE IN-PERSON STATUS CONFERENCE**

Plaintiff Shenzhen Kesite Digital Technology Co., Ltd, by and through the undersigned counsel, respectfully moves this Court for leave to appear remotely via videoconference (Zoom or the Court's designated platform) at the status conference scheduled for August 27, 2026 at 1:30 p.m. in Courtroom 8A. In support of this motion, Plaintiff states as follows:

1. This is a copyright infringement action involving a U.S. copyright owned by a foreign entity located in China. Plaintiff Shenzhen Kesite Digital Technology Co., Ltd is a foreign seller with its principal place of business in China; all employees of Plaintiff are living in China.

2. The Court has scheduled a status conference on Plaintiff's Motion for

1

Temporary Restraining Order for August 27, 2026.

3. The undersigned counsel has been admitted *pro hac vice* to represent Plaintiff in this matter. [Dkt. 10]

4. Good cause exists to permit remote appearance via videoconference for the following reasons:

   **a. Significant Financial and Logistical Burden on the undersigned counsel**

   Few attorneys admitted by this Court can speak Mandarin Chinese. The undersigned counsel is Mandarin-speaking, thus, was approached by Plaintiff from China.

   The undersigned resides and maintains an office in San Mateo, California. Travel to Pittsburgh for the hearing would impose substantial financial costs, including round-trip airfare, ground transportation, lodging, meals, and lost billable time. Travel would require at least two days away from the office, during which time undersigned counsel would need to bill the client for non-productive travel hours. Plaintiff is a small business with limited financial means, and imposing such costs would create an undue hardship, imposing financial burden for Plaintiff to protecting its intellectual property rights.

   **b. Logistical Impossibility for Plaintiff's Travel**

   A corporate representative of Plaintiff might choose to testify at the status

conference, if necessary. He is currently residing in China. Obtaining a U.S. visa (typically B-1/B-2 temporary visitor visa) for the purpose of attending a court hearing generally requires an interview at a U.S. consulate or embassy in China. The current processing time for such visa application has a typical backlog of at least 6 months, with no guarantee of approval. Given the hearing is scheduled for August 27, 2026—only a short time from now— it is logistically impossible for any corporate representative to obtain a visa and travel to Pittsburgh in time. Requiring in-person would effectively deny Plaintiff meaningful participation.

### c. Efficiency and Access to Justice

Remote appearance via Zoom would enable counsel (and, if necessary, the corporate representative via videoconference) to fully participate without the prohibitive burden described above.

### d. Nature of Hearing

The status conference primarily involves legal argument and review of declarations and evidence already submitted under seal. No complex evidentiary representation requiring in-person presence is anticipated. Counsel and corporate representative both can effectively participate remotely, ensuring full advocacy.

### e. No Prejudice to Defendants or the Court

Remote appearance will not prejudice Defendants or impair the Court's ability to conduct a fair and orderly hearing: This is a status conference for an *Ex*

3

*Parte* emergency motion seeking to temporarily restrain Defendants from causing further, irreparable damages to Plaintiff. No Defendants have yet been served or notified about this action. The Court can observe counsel, manage proceedings, and ensure technical reliability through its established Zoom protocols.

5. The undersigned counsel will ensure full compliance with any technical requirements (stable internet connection, quiet environment, proper lighting , muted when not speaking) and will test connectivity in advance. Counsel is available to coordinate with the Court's IT staff or courtroom deputy if necessary.

6. No prior motion for remote appearance has been filed in this case, and this request is made promptly upon notice of the status conference.

WHEREFORE, Plaintiff respectfully requests that the Court grant leave for undersigned counsel (and, to the extent necessary or desired, a corporate representative of Plaintiff) to appear remotely via videoconference at the status conference scheduled on August 27, 2026, and grant such other and further relief as the Court deems just and proper.

Date: August 10, 2026                    Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu (CA- 279327)
*Aptum Law*
1660 S Amphlett Blvd Suite 315

4

San Mateo, CA 94402
Email: Andy.Liu@AptumLaw.us
Phone: 650-475-6289


*Attorneys for Plaintiff*