**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SHENZHEN KESITE DIGITAL TECHNOLOGY CO., LTD,<br><br>Plaintiff,<br>v.<br><br>SCHEDULE A DEFENDANTS,<br><br>Defendants. | Civil Case No.: 2:26-cv-01532-MJH<br><br>**FILED UNDER SEAL** |

**DECLARATION OF NINGNING MA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

I, Ningning Ma, declare and state as follows:

1. I am over the age of eighteen, am of sound mind, and am competent to testify to the matters set forth in this declaration. Everything stated here is based on my own personal knowledge and on my own review of the Defendants' storefronts and listings on Amazon.com. If called as a witness, I could and would competently testify to the statements made herein.

2. I submit this declaration in support of Plaintiff Shenzhen Kesite Digital Technology Co., Ltd's ("Plaintiff") *ex parte* application for a temporary restraining order. I set out below what I personally observed each Defendant do to reach, solicit, and serve

consumers located in the Commonwealth of Pennsylvania.

3. Each Defendant identified below sells through Amazon.com, the United States marketplace operated by Amazon.com, Inc. Amazon operates separate marketplaces for other countries, including Amazon.cn for the People's Republic of China. A seller does not appear on Amazon.com by accident. To sell on Amazon.com, a seller must affirmatively register a professional seller account for that marketplace, agree to Amazon's seller terms, supply a financial account capable of receiving payment in United States dollars, list its prices in United States dollars, and designate the delivery destinations it is willing to serve. Each Defendant identified below took those steps in order to sell to consumers in the United States.

4. A seller on Amazon.com, and not Amazon, sets the delivery destinations its storefront will serve. Amazon's seller tools permit a seller to restrict or exclude particular states and regions from the destinations to which it will ship. Each Defendant identified below configured its storefront to accept and fulfill orders addressed to delivery addresses in the Commonwealth of Pennsylvania.

5. Before I made any purchase, I viewed each Defendant's listing for the Infringing Product with a Pennsylvania delivery address saved in the Amazon.com account. For each listing, the Defendant's offer as displayed to me quoted an estimated delivery date to that Pennsylvania address and offered free shipping to that Pennsylvania address. Each Defendant therefore held out its offer to sell directly to a

consumer located in the Commonwealth of Pennsylvania, before and independent of any order I placed.

6. Each Defendant's storefront provides a channel through which a consumer in Pennsylvania can communicate directly with the Defendant about the Infringing Products, including the "Ask Product Question" function that appears on each of the order pages attached as **Exhibit A**.

7. I ordered one of the Products from each Defendant and directed it to my delivery address in the Commonwealth of Pennsylvania.

8. Attached hereto as **Exhibit A** are true and correct copies of the Amazon.com order detail pages for each of the orders listed in the chart above. Each page shows the seller under the heading "Sold by," the order number and order date, the "Ship to" address in the Commonwealth of Pennsylvania, the purchase price, the shipping charge, and the Pennsylvania sales tax collected.

9. Each Defendant accepted the order, took payment in United States dollars, and shipped the Infringing Product into the Commonwealth of Pennsylvania, where it was delivered to the Pennsylvania address shown on **Exhibit A**.

10. Pennsylvania sales tax was calculated and collected on four of the five orders, at the rate applicable to the Pennsylvania delivery address, in the amounts shown in the chart above. Each of those sales was therefore processed as a retail sale

delivered into the Commonwealth of Pennsylvania.

11. I examined each of the Infringing Products that was delivered, along with the images the Defendant used in its Amazon.com listing.

12. In sum, based on what I personally observed, each Defendant identified above: (a) affirmatively chose to sell into the United States market by registering and operating a seller account on Amazon.com; (b) configured its storefront to accept and fulfill orders addressed to the Commonwealth of Pennsylvania; (c) displayed to consumers at Pennsylvania addresses an offer to sell the Infringing Products; (d) maintained a channel through which Pennsylvania consumers could communicate with it about the Infringing Products; and (e) accepted an order for delivery to a Pennsylvania address, took payment in United States dollars, and shipped the Infringing Product into the Commonwealth, where it was delivered.

13. Each of the orders identified above was placed between October 2025 and April 2026, and none of them was returned, refunded, or cancelled. On Amazon.com, the order detail page for an order that has been returned, refunded, or cancelled displays that status on the front page, and the order appears under the corresponding return or cancellation heading in the account's order history.

14. The pages attached as **Exhibit A** display no return, refund, or cancellation status for any of these orders, and each order continues to appear as a completed order

in the account's order history, with the "Write a product review" option available — an option Amazon.com makes available only for items that have been received. Each Defendant's shipment therefore reached its Pennsylvania destination and was retained there; none was intercepted, rejected, or sent back.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 14, 2026.

Respectfully submitted,

Ningning Ma